19

Settlement Agreement, including the disposition of assets and distribution of proceeds as set forth herein and the turnover of cash and proceeds to the Agent, as provided herein, provided that the foregoing requirements are not intended to and shall not contravene the Debtor's exercise of its fiduciary duties. To the extent that the Agent is required to take any action to enforce its rights under this Settlement Agreement, the Parties to this Settlement Agreement agree not to contest the Agent's entitlement to an administrative claim for its reasonable fees and expenses, including professional fees, with respect to such enforcement. To the extent that confirmation of a Plan is necessary to achieve the Settlement Effective Date (or to achieve the releases set forth in Paragraph 4B), then, subject to the terms and conditions of this Settlement Agreement, the Parties shall recommend to their constituencies entitled to vote on such a Plan that they vote in favor of the Plan.

12.    **BINDING EFFECT.** From and after the Settlement Effective Date, this Settlement Agreement shall inure to the benefit of and be binding upon the Parties and their respective agents, representatives, successors and assigns, including without limitation, any chapter 7 trustee or any other representative of these estates, custodian of the assets subject to this Settlement Agreement or such other legal entity as may be responsible for carrying out all or any portion of this Settlement Agreement. Prior to the Settlement Effective Date, no signatory hereto shall assign its claim against the Debtors unless such assignee executes a written agreement consenting to the terms of this Settlement Agreement and agreeing to comply with the terms and conditions hereof.

13.    **MISCELLANEOUS.** The terms of this Settlement Agreement are conditioned upon the completion of documentation, including pleadings, in form and substance

20

reasonably acceptable to all parties. This Settlement Agreement is not and shall not be deemed to be a solicitation for consents to a Plan. Acceptance of a Plan shall not be solicited from any creditor until such creditor has received the appropriate disclosure statement and related ballots, as approved by the Bankruptcy Court.

14.    **FIDUCIARY OBLIGATIONS.** Nothing herein shall be interpreted to conflict with or to restrict the performance of any fiduciary duty of the Debtors, the Creditors' Committee or the Trustees, except that it is acknowledged and agreed that, based upon the present facts known to the Parties as of the date of this Settlement Agreement, the terms of this Settlement Agreement are in the best interest of the Debtors' estates and of the unsecured creditors of such estates, and therefore consistent with such fiduciary duties.

15.    **REPRESENTATION, WARRANTIES AND COVENANTS.** Each of the Parties to this Settlement Agreement hereby represents and warrant as to itself as of the date hereof that:

A.    Each of the Parties has full right, power, authority, and legal capacity and is competent to enter into and perform this Settlement Agreement and each agreement, document or instrument executed hereunder.

B.    For each such Party that is a corporation, it is a corporation duly organized and validly existing under the laws of its state of incorporation.

C.    This Settlement Agreement constitutes the valid and binding obligation of such Party and is enforceable in accordance with its terms.

21

D.    Each of the Senior Lenders listed on Schedule 1 hereto is the owner of the indebtedness owed by the Debtors under the Credit Agreement in the approximate amount reflected on Schedule 1 hereto.

16.    **INDEPENDENT INVESTIGATION.** As part of the foregoing release and compromise, the Parties acknowledge that they understand and accept the risk that the facts with respect to which this Settlement Agreement is entered into may be different from the facts now known or believed by such Parties to be true. This Settlement Agreement shall remain in all respects effective and shall not be subject to termination or rescission by virtue of any such differences in fact. In entering into this Settlement Agreement, the Parties acknowledge that they have each conducted their own independent investigations, have consulted with legal counsel of their own respective choice or been afforded the opportunity to do so, and have not relied on any statement, representation, promise, inducement or agreement not expressly contained within this Settlement Agreement.

17.    **HEADINGS.** The paragraph, section and subsection headings contained herein are for reference purposes only, and shall not in any way affect the construction, meaning or interpretation of any of the terms or provisions of this Settlement Agreement. The paragraph, section and article headings herein in no way define, limit, extend or interpret the scope of this Settlement Agreement or of any particular paragraph or section or article.

18.    **PRONOUNS.** All pronouns and nouns and any variations thereof shall be deemed to refer to the masculine, feminine or neuter, singular or plural, as the identity of the parties or the context may require.

19.    **ENTIRE AGREEMENT.** This Settlement Agreement and the documents, agreements and instruments to be executed hereunder set forth the entire

22

understanding and agreement of the Parties in respect to the transactions contemplated herein and supersede all prior agreements, arrangements and understandings, written or oral, relating to the subject matter hereof.

20.    **AMENDMENTS AND WAIVERS TO BE IN WRITING**. No amendment, change or modification of this Settlement Agreement and no waiver of any of the terms, covenants, representations, warranties or conditions hereof, shall be effective except by a written instrument signed by the Party against whom enforcement of any amendment, change or modification is sought, or in the case of a waiver, by the Party waiving compliance. The failure of any Party at any time to require performance of any provision hereof shall in no manner affect the right at a later time to enforce the same.

21.    **RIGHTS**. No delay or omission on the part of any Party in exercising any right hereunder shall operate as a waiver of such right or of any other right of such Party nor shall any waiver by any Party of any such right or rights on any one occasion by deemed to operate as a waiver of the same right or rights on any future occasion. The rights, options, powers and remedies provided for the benefit of the Parties herein shall be cumulative and no one or more of them shall be exclusive of the other or others.

22.    **LIMITATIONS ON USE**. This Settlement Agreement is being entered into solely to compromise the disputes between the Parties and to implement the terms of the settlement set forth herein. It is not and shall not be construed as an admission of liability by any Party or as a concession by any Party regarding the merits of its respective claims against any Party. It may not be used in evidence by any Party, except to enforce its terms. It is further understood and agreed that this Settlement Agreement and the terms hereof shall not be subject to any claim of mistake of fact.

23

23. **GOVERNING LAW.** This Settlement Agreement shall be construed and enforced in accordance with the laws of the State of New York and, to the extent applicable, the Bankruptcy Code.

24. **CONSENT TO JURISDICTION.** Each of the Parties hereby irrevocably consent and submit to the jurisdiction of the Bankruptcy Court for the purpose of any action or proceeding arising out of or relating to this Settlement Agreement or the transactions contemplated herein.

25. **NO INTERPRETATION BASED ON DRAFTING.** This Settlement Agreement shall not be interpreted or construed against any of the Parties because that Party or a representative of that Party drafted or participated in the drafting of this Settlement Agreement or any provision hereof.

26. **FURTHER ASSURANCES.** The Parties shall each use their best reasonable efforts and shall act in good faith to take or cause to be taken all action and do or cause to be done all things necessary, proper or advisable to obtain Bankruptcy Court approval of, and to consummate or perform, the transactions contemplated by this Settlement Agreement.

27. **NOTICES.** All notices or other communications hereunder shall be in writing and shall be deemed to have been duly given if addressed to the parties at their addresses set forth below, or at such other addresses as they may designate by notice given as aforesaid by hand delivery or overnight express mail or courier or facsimile transmission. Notices shall be deemed given when sent in accordance with the foregoing:

> If to the Debtors:
>
> Shearman & Sterling
> 599 Lexington Avenue
> New York, New York 10022-6069

24

Attention: Constance A. Fratianni, Esq.
and Scott C. Shelley, Esq.
(fax no. 212-848-7179)

If to the Creditors' Committee:

Arent Fox Kintner Plotkin & Kahn, PLLC
1675 Broadway
25th Floor
New York, New York 10019
Attention: Andrew I. Silfen, Esq.
(fax no. 212-484-3990)

If to Wachovia:

Riker, Danzig, Scherer, Hyland & Perretti, LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
Attention: Warren Martin
(fax no. 973-538-1984)

If to U.S. Bank:

Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199
Attention: Judy A. Groves
(fax no. 617-227-4420)

If to the Agent:

Sidley Austin Brown & Wood
10 So. Dearborn
Chicago, IL 60603
Attention: Janet E. Henderson
(fax no. 312-853-7036)

28. **TIME IS OF THE ESSENCE.** Time is of the essence with respect to the

performance of this Settlement Agreement, and all of the terms, covenants and conditions

thereof.

25

29.    COUNTERPARTS/TELECOPIER. This Settlement Agreement may be executed in any number of counterparts and by any combination of parties hereto in separate counterparts, each of which counterparts shall be an original and all of which taken together shall constitute one and the same Settlement Agreement. Delivery of an executed counterpart of a signature page of this Settlement Agreement by telecopier shall be effective as delivery of a manually executed counterpart hereof.

30.    NO THIRD PARTY BENEFICIARIES. The provisions of this Agreement shall not confer or be deemed to confer upon any person or entity not a Party hereto (other than those persons specifically released pursuant to Paragraph 4 hereof) any of the benefits (including releases and waivers) or legal or equitable rights, remedies or claims under this Settlement Agreement.

31.    NOTEHOLDER RATIFICATION. This agreement shall be deemed ratified by the holders of the 12% Senior Subordinated Notes and 14% Senior Discount Notes only upon confirmation of a Plan providing for such ratification.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be signed as of the day and year first set forth above.

[REMAINDER INTENTIONALLY LEFT BLANK]

26

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement

Agreement to be signed as of the day and year first set forth above.

INSILCO TECHNOLOGIES, INC.

By: _Cnalif_

Name: _Carol G. Robbins_

Title: _President_

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF INSILCO
TECHNOLOGIES, INC. ET AL.

By: _____
Name: _____
Title: _____

BANK ONE, NA, AS LENDER AND AS AGENT
FOR THE SENIOR LENDERS LISTED ON
SCHEDULE I HERETO

By: _____
Name: _____
Title: _____

WACHOVIA BANK, NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE
FOR THE 12% SENIOR SUBORDINATED
NOTES

By: _____
Name: _____
Title: _____

U.S. BANK, AS TRUSTEE FOR THE 14%
SENIOR DISCOUNT NOTES

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF INSILCO
TECHNOLOGIES, INC. ET AL.

26

By: _Andrew I. Sitten (Chm)_
Name: _Andrew I. Sitten_
Title: _Member_

BANK ONE, NA, AS LENDER AND AS
AGENT FOR THE SENIOR LENDERS
LISTED ON SCHEDULE I HERETO

By:_____
Name:_____
Title:_____

WACHOVIA BANK, NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE
FOR THE 12% SENIOR SUBORDINATED
NOTES

By:_____
Name:_____
Title:_____

U.S. BANK, AS TRUSTEE FOR THE 14%
SENIOR DISCOUNT NOTES

By:_____
Name:_____
Title:_____

| CHARTER VIEW PORTFOLIO | AERIES FINANCE-II LTD. |
|---|---|
| By:_____ | By:_____ |
| Name: | Name: |
| Title: | Title: |
| **AVALON CAPITAL LTD, 2** | **CERES II FINANCE LTD.** |
| By:_____ | By:_____ |
| Name: | Name: |
| Title: | Title: |

26

By:_____
Name:_____
Title:_____

BANK ONE, NA, AS LENDER AND AS
AGENT FOR THE SENIOR LENDERS
LISTED ON SCHEDULE I HERETO

By:_____Ken Christena_____
Name:___KEVIN CHRISTENSEN_____
Title:___1 ST VP_____

WACHOVIA BANK, NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE
FOR THE 12% SENIOR SUBORDINATED
NOTES

By:_____
Name:_____
Title:_____

U.S. BANK, AS TRUSTEE FOR THE 14%
SENIOR DISCOUNT NOTES

By:_____
Name:_____
Title:_____

CHARTER VIEW PORTFOLIO

By:   _____
Name:
Title:

AVALON CAPITAL LTD. 2

By:   _____
Name:
Title:

AERIES FINANCE-II LTD.

By:   _____
Name:
Title:

CERES II FINANCE LTD.

By:   _____
Name:
Title:

A - 35

26

By:_____
Name:_____
Title:_____

**BANK ONE, NA, AS LENDER AND AS AGENT FOR THE SENIOR LENDERS LISTED ON SCHEDULE I HERETO**

By:_____
Name:_____
Title:_____

**WACHOVIA BANK, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR THE 12% SENIOR SUBORDINATED NOTES**

By: _____
Name: _Robert L. Bice II____
Title: _Vice President_____

**U.S. BANK, AS TRUSTEE FOR THE 14% SENIOR DISCOUNT NOTES**

By:_____
Name:_____
Title:_____

**CHARTER VIEW PORTFOLIO**

By:_____
Name:_____
Title:_____

**AVALON CAPITAL LTD. 2**

By:_____
Name:_____
Title:_____

**AERIES FINANCE-II LTD.**

By:_____
Name:_____
Title:_____

**CERES II FINANCE LTD.**

By:_____
Name:_____
Title:_____

26

By:_____
Name:_____
Title:_____

**BANK ONE, NA, AS LENDER AND AS AGENT FOR THE SENIOR LENDERS LISTED ON SCHEDULE I HERETO**

By:_____
Name:_____
Title:_____

**WACHOVIA BANK, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR THE 12% SENIOR SUBORDINATED NOTES**

By:_____
Name:_____
Title:_____

**U.S. BANK, AS TRUSTEE FOR THE 14% SENIOR DISCOUNT NOTES**

By:_____
Name: Patricia J. Kapsch
Title: Assistant Vice President

| CHARTER VIEW PORTFOLIO | AERIES FINANCE-II LTD. |
|---|---|
| By:_____ | By:_____ |
| Name: | Name: |
| Title: | Title: |
| **AVALON CAPITAL LTD. 2** | **CERES II FINANCE LTD.** |
| By:_____ | By:_____ |
| Name: | Name: |
| Title: | Title: |

26

By:_____
Name:_____
Title:_____

**BANK ONE, NA, AS LENDER AND AS
AGENT FOR THE SENIOR LENDERS
LISTED ON SCHEDULE I HERETO**

By:_____
Name:_____
Title:_____

**WACHOVIA BANK, NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE
FOR THE 12% SENIOR SUBORDINATED
NOTES**

By:_____
Name:_____
Title:_____

**U.S. BANK, AS TRUSTEE FOR THE 14%
SENIOR DISCOUNT NOTES**

By:_____
Name:_____
Title:_____

CHARTER VIEW PORTFOLIO
By:  INVESCO Senior Secured Management, Inc.
     As Investment Advisor

By:_____
Name:
Title:        Gregory Stoeckle
              Authorized Signatory

AVALON CAPITAL LTD. 2
By:  INVESCO Senior Secured Management, Inc.
     As Portfolio Advisor

By:_____
Name:
Title:        Gregory Stoeckle
              Authorized Signatory

AERIES FINANCE-II LTD.
By:  INVESCO Senior Secured Management, Inc.
     As Sub-Managing Agent

By:_____
Name:
Title:        Gregory Stoeckle
              Authorized Signatory

CERES II FINANCE LTD.
By:  INVESCO Senior Secured Management, Inc.
     As Sub-Managing Agent (Financial)

By:_____
Name:
Title:        Gregory Stoeckle
              Authorized Signatory

May 08-03   10:14am   From-

T-254   P 083/003   F-880

27

OASIS COLLATERALIZED HIGH INCOME PORTFOLIOS-1, NEMEAN CLO, LTD.
LTD.
By: INVESCO Senior Secured Management, Inc. As Subadvisor

By: _____
Name:
Title:   Gregory Stoeckle
         Authorized Signatory

By: _____
Name:
Title:

ENDURANCE CLO I, LTD.

ARCHIMEDES FUNDING II, LTD.

By: _____
Name:
Title:

By: _____
Name:
Title:

ARCHIMEDES FUNDING IV (CAYMAN),   SEQUILS-INC I (HBDGM), LTD.
LTD.

By: _____
Name:
Title:

By: _____
Name:
Title:

KZH ING-3 LLC

KZH ING-2 LLC

By: _____
Name:
Title:

By: _____
Name:
Title:

NORTHWOODS CAPITAL II, LIMITED

NORTHWOODS CAPITAL III, LIMITED

By: _____
Name:
Title:

By: _____
Name:
Title:

NORTHWOODS CAPITAL, LIMITED

AG CAPITAL FUNDING PARTNERS, L.P.

By: _____
Name:
Title:

By: _____
Name:
Title:

ASSET REALLOCATION & SETTLEMENT AGREEMENT
FOR INSILCO TECHNOLOGIES
5/8/03

### ENDURANCE CLO I, LTD.

c/o:  ING Capital Advisors LLC,
as Collateral Manager

BY: _____
Name:        GORDON COOK
Title:       SENIOR VICE PRESIDENT
             & PORTFOLIO MANAGER


### ARCHIMEDES FUNDING II, LTD.

BY:  ING Capital Advisors LLC,
as Collateral Manager

BY: _____
Name:        GORDON COOK
Title:       SENIOR VICE PRESIDENT
             & PORTFOLIO MANAGER

### ARCHIMEDES FUNDING IV (CAYMAN), LTD.

BY:  ING Capital Advisors LLC,
as Collateral Manager

BY: _____
Name:        GORDON COOK
Title:       SENIOR VICE PRESIDENT
             & PORTFOLIO MANAGER


### NEMEAN CLO, LTD.

BY:  ING Capital Advisors LLC,
as Investment Manager

BY: _____
Name:        GORDON COOK
Title:       SENIOR VICE PRESIDENT
             & PORTFOLIO MANAGER

05/09/2005 09:42 FAX 213 821 3727          ING                                    ☑003/003

ASSET REALLOCATION & SETTLEMENT AGREEMENT
FOR INSILCO TECHNOLOGIES
5/8/03

SEQUILS-ING I (HBDGM), LTD.

BY:  ING Capital Advisors LLC,
     as Collateral Manager

BY:  _____

Name:
Title:     GORDON COOK
           SENIOR VICE PRESIDENT
           & PORTFOLIO MANAGER

MAY-08-2003  17:26                                              P.03

27

OASIS COLLATERALIZED HIGH              NEMEAN CLO, LTD.
INCOME PORTFOLIO-1, LTD.


By:                                    By:
Name:                                  Name:
Title:                                 Title:

ENDURANCE CLO I, LTD.                  ARCHIMEDES FUNDING II, LTD.


By:                                    By:
Name:                                  Name:
Title:                                 Title:

ARCHIMEDES FUNDING IV (CAYMAN),  SEQUILS-ING I (HBDGM), LTD.
LTD.


By:                                    By:
Name:                                  Name:
Title:                                 Title:

KZH ING-3 LLC                          KZH ING-2 LLC


By:                                    By:
Name:  DORIAN HERRERA                  Name:
Title: AUTHORIZED AGENT                Title:
NORTHWOODS CAPITAL II, LIMITED         NORTHWOODS CAPITAL III, LIMITED


By:                                    By:
Name:                                  Name:
Title:                                 Title:

NORTHWOODS CAPITAL, LIMITED            AG CAPITAL FUNDING PARTNERS, L.P.


By:                                    By:
Name:                                  Name:
Title:                                 Title:

MAY-08-2003  17:25
?.5:78

P.02

27

OASIS COLLATERALIZED HIGH
INCOME PORTFOLIO-I, LTD.

NEMEAN CLO, LTD.

By:
Name:
Title:

By:
Name:
Title:

ENDURANCE CLO I, LTD.

ARCHIMEDES FUNDING R, LTD.

By:
Name:
Title:

By:
Name:
Title:

ARCHIMEDES FUNDING IV (CAYMAN), SEQUILS-ING I (HBDGM), LTD.
LTD.

By:
Name:
Title:

By:
Name:
Title:

KZH ING-3 LLC

KZH ING-2 LLC

By:
Name:
Title:
NORTHWOODS CAPITAL II, LIMITED

By:
Name:       DORIAN HERRERA
Title:       AUTHORIZED AGENT
NORTHWOODS CAPITAL III, LIMITED

By:
Name:
Title:

By:
Name:
Title:

NORTHWOODS CAPITAL, LIMITED

AG CAPITAL FUNDING PARTNERS, L.P.

By:
Name:
Title:

By:
Name:
Title.

A - 43

27

**OASIS COLLATERALIZED HIGH INCOME PORTFOLIO-1, LTD.**

**NEMEAN CLO, LTD.**

By:
Name:
Title:

By:
Name:
Title:

**ENDURANCE CLO I, LTD.**

**ARCHIMEDES FUNDING II, LTD.**

By:
Name:
Title:

By:
Name:
Title:

**ARCHIMEDES FUNDING IV (CAYMAN), LTD.**

**SEQUILS-ING I (HBDGM), LTD.**

By:
Name:
Title:

By:
Name:
Title:

**KZH ING-3 LLC**

**KZH ING-3 LLC**

By:
Name:
Title

By:
Name:
Title:

**NORTHWOODS CAPITAL II, LIMITED**

**NORTHWOODS CAPITAL III, LIMITED**

By:
Name:
Title:      JOHN W. FRASER
            MANAGING DIRECTOR

By:
Name:
Title:      JOHN W. FRASER
            MANAGING DIRECTOR

**NORTHWOODS CAPITAL, LIMITED**

**AG CAPITAL FUNDING PARTNERS, L.P.**

By:
Name:
Title:      JOHN W. FRASER
            MANAGING DIRECTOR

By:
Name:
Title:      JOHN W. FRASER
            MANAGING DIRECTOR

A - 44

28

**SILVER OAK CAPITAL, L.L.C.**

By:
Name:
Title:

**BLACK DIAMOND CLO 2000-1 LTD.**

By:
Name:
Title:

**ARES IV CLO LTD.**

By:
Name:
Title:

**MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY**

By:
Name:
Title:

**GSC RECOVERY II, L.P.**

By:
Name:
Title:

**THIRD AVENUE TRUST**

By:
Name:
Title:

**ING PRIME RATE TRUST**

By:
Name:
Title:

**ARES LEVERAGED INVESTMENT FUND II, L.P.**

By:
Name:
Title:

**SUFFIELD CLO, LIMITED**

By:
Name:
Title:

**MORGAN STANLEY DEAN WITTER PRIME INCOME TRUST**

By:
Name:
Title:

**GSC RECOVERY IIA, L.P.**

By:
Name:
Title:

**ORIX FINANCE CORP. I**

By:
Name:
Title:

05/07/2003 15:24 FAX 480 477 2089          ING Pilgrim Fund Accts          ☒002

28

**SILVER OAK CAPITAL, L.L.C.**

By: _____
Name:
Title:

**BLACK DIAMOND CLO 2000-1 LTD.**

By: _____
Name:
Title:

**ARES IV CLO LTD.**

By: _____
Name:
Title:

**MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY**

By: _____
Name:
Title:

**GSC RECOVERY II, L.P.**

By: _____
Name:
Title:

**THIRD AVENUE TRUST**

By: _____
Name:
Title:

**ING PRIME RATE TRUST**

By: _____
Name:    Ralph E. Butcher
Title:    Vice President

**ARES LEVERAGED INVESTMENT FUND II, L.P.**

By: _____
Name:
Title:

**SUFFIELD CLO, LIMITED**

By: _____
Name:
Title:

**MORGAN STANLEY DEAN WITTER PRIME INCOME TRUST**

By: _____
Name:
Title:

**GSC RECOVERY IIA, L.P.**

By: _____
Name:
Title:

**ORIX FINANCE CORP. I**

By: _____
Name:
Title:

28

**SILVER OAK CAPITAL, L.L.C.**

By: _____
Name:
Title:

**BLACK DIAMOND CLO 2000-1 LTD.**

By: _Alan Corkish_ *(signature)*
Name:    Alan Corkish
Title:    Director

**ARES IV CLO LTD.**

By: _____
Name:
Title:

**MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY**

By: _____
Name:
Title:

**GSC RECOVERY II, L.P.**

By: _____
Name:
Title:

**THIRD AVENUE TRUST**

By: _____
Name:
Title:

**ING PRIME RATE TRUST**

By: _____
Name:
Title:

**ARES LEVERAGED INVESTMENT FUND II,
L.P.**

By: _____
Name:
Title:

**SUFFIELD CLO, LIMITED**

By: _____
Name:
Title:

**MORGAN STANLEY DEAN WITTER PRIME
INCOME TRUST**

By: _____
Name:
Title:

**GSC RECOVERY IIA, L.P.**

By: _____
Name:
Title:

**ORIX FINANCE CORP. I**

By: _____
Name:
Title:

May-07-03   12:56   From-ARES MANAGEMENT                    310-201-4171      T-268   P 002/002   F-384

28

| | |
|---|---|
| SILVER OAK CAPITAL, L.L.C. | ING PRIME RATE TRUST |

| | |
|---|---|
| By: | By: |
| Name: | Name: |
| Title: | Title: |

| | |
|---|---|
| BLACK DIAMOND CLO 2000-1 LTD. | ARES LEVERAGED INVESTMENT FUND II, L.P. |

| | |
|---|---|
| By: | By: |
| Name: | Name: |
| Title: | Title:   SETH J. BRUFSKY |
| | VICE PRESIDENT |

| | |
|---|---|
| ARES IV CLO LTD. | SUFFIELD CLO, LIMITED |

| | |
|---|---|
| By: | By: |
| Name:   SETH J. BRUFSKY | Name: |
| Title:   VICE PRESIDENT | Title: |

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | MORGAN STANLEY DEAN WITTER PRIME INCOME TRUST |

| | |
|---|---|
| By: | By: |
| Name: | Name: |
| Title: | Title: |

| | |
|---|---|
| GSC RECOVERY II, L.P. | GSC RECOVERY IIA, L.P. |

| | |
|---|---|
| By: | By: |
| Name: | Name: |
| Title: | Title: |

| | |
|---|---|
| THIRD AVENUE TRUST | ORIX FINANCE CORP. I |

| | |
|---|---|
| By: | By: |
| Name: | Name: |
| Title: | Title: |

MAY-07-2003 11:52       MassMut: DLBobson RE Law          413 226 1079  P.02/02

29

Name:                                          Name:
Title:                                         Title:

ARES IV CLO LTD.                               SUFFIELD CLO, LIMITED

By:                                            By: *Elizabeth G Persick*
Name:                                          Name: ELIZABETH A Persick
Title:                                         Title: MANAGING DIRECTOR

MASSACHUSETTS MUTUAL LIFE                       MORGAN STANLEY DEAN WITTER PRIME
INSURANCE COMPANY                              INCOME TRUST

By: STEVEN F KATZ                              By:
Name: SECOND VICE PRESIDENT AND                Name:
Title: ASSOCIATE GENERAL COUNSEL               Title:

GSC RECOVERY II, L.P.                          GSC RECOVERY IIA, L.P.

By:                                            By:
Name:                                          Name:
Title:                                         Title:

THIRD AVENUE TRUST                             ORIX FINANCE CORP. I

By:                                            By:
Name:                                          Name:
Title:                                         Title:

GE CAPITAL CFE, INC.                           NATIONAL CITY BANK

By:                                            By:
Name:                                          Name:
Title:                                         Title:

TRANSAMERICA BUSINESS CREDIT                   THE HUNTINGTON NATIONAL BANK
CORPORATION

By:                                            By:

TOTAL P.02

A - 49

MAY 08 2003 10:13 FR MSDW PRIME INCOME TR12 762 7428 TO 913127321775    P.02/02

28

| | |
|---|---|
| **SILVER OAK CAPITAL, L.L.C.** | **ING PRIME RATE TRUST** |
| By: _____ <br> Name: <br> Title: | By: _____ <br> Name: <br> Title: |
| **BLACK DIAMOND CLO 2000-1 LTD.** | **ARES LEVERAGED INVESTMENT FUND II, L.P.** |
| By: _____ <br> Name: <br> Title: | By: _____ <br> Name: <br> Title: |
| **ARES IV CLO LTD.** | **SUFFIELD CLO, LIMITED** |
| By: _____ <br> Name: <br> Title: | By: _____ <br> Name: <br> Title: |
| **MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY** | **MORGAN STANLEY PRIME INCOME TRUST** |
| By: _____ <br> Name: <br> Title: | By: _____ <br> Name:   Sheila A. Finnerty <br> Title:   Executive Director |
| **GSC RECOVERY II, L.P.** | **GSC RECOVERY IIA, L.P.** |
| By: _____ <br> Name: <br> Title: | By: _____ <br> Name: <br> Title: |
| **THIRD AVENUE TRUST** | **ORIX FINANCE CORP. I** |
| By: _____ <br> Name: <br> Title: | By: _____ <br> Name: <br> Title: |

** TOTAL PAGE.02 **