16

Lenders' Claims, as set forth in Paragraph 2, the releases of the Senior Lenders set forth in

Paragraph 4 and the reallocation of the Contributed Assets set forth in Paragraph 3 shall be final

and irrevocable upon the Settlement Effective Date, without regard to whether the Debtors

effectuate a Plan or whether (or in what manner) the distributions contemplated herein for

Unsecured Creditors are effected.

7.    SETTLEMENT TERMINATION EVENT. A Settlement Termination

Event shall be the earliest to occur of the following, provided that the Settlement Effective Date

shall not previously have occurred: (i) May 14, 2003, (x) if this Settlement Agreement has not

been executed by or on behalf of the Creditors' Committee, the Debtors, Wachovia, U.S. Bank

and holders of not less than two-thirds (2/3) in amount and over one-half (1/2) in number of the

holders of the Senior Lenders' claims, or (y) a motion for approval of this executed Settlement

Agreement ("Settlement Motion") has not been filed with the court; (ii) June 15, 2003, if a final

and non-appealable order approving the Settlement Motion has not been entered by the

Bankruptcy Court and become final; (iii) May 30, 2003, if the Plan and disclosure statement have

not been filed with the Court; and (iv) August 15, 2003, if a final and non-appealable

confirmation order has not been entered in respect of such Plan. In the event of the occurrence of

a Settlement Termination Event for any reason, including the failure to confirm the Plan due to

the insufficiency of estate funds to pay administrative or priority claims under a Plan, the

Settlement Agreement shall be deemed withdrawn and shall be null and void and of no further

force and effect, and the parties shall be restored to their respective rights as if the Settlement

Agreement had not been executed, except that (i) the Bar Date Amendment (as defined in

Paragraph 9(a) below) shall survive the occurrence of any subsequent Settlement Termination

17

Event and (ii) provided that this Settlement Agreement is approved by order of the Bankruptcy Court, the provisions of Paragraph 8 of this Settlement Agreement shall survive the occurrence of any subsequent Settlement Termination Event.

8.     WITHDRAWAL OF TRUSTEE MOTION.  Upon the entry of a final order approving this Settlement Agreement, the Creditors' Committee will withdraw its Trustee Motion and such withdrawal shall be with prejudice to the filing by the Creditors' Committee of any future motion seeking the same or similar relief on substantially the same factual grounds, provided that nothing in this Paragraph 8 shall limit the Creditors' Committee's right to file a motion for appointment of a chapter 11 trustee or examiner based on events or facts occurring after the date of this Settlement Agreement. Wachovia and U.S. Bank likewise agree not to file any further motion(s) seeking similar relief on substantially the same factual grounds as are set forth in the Trustee Motion, but shall retain the right to file a motion for appointment of a chapter 11 trustee or examiner based on events or facts occurring after the date of this Settlement Agreement.

9.     AMENDMENTS OF OTHER ORDERS.  A.  The Cash Collateral Order shall be amended (or deemed amended as of the Settlement Effective Date) to the extent necessary to implement the provisions of Paragraphs 3A(iv) and 5 herein.

B.     Except as expressly amended hereby, the provisions of the Cash Collateral Order shall continue in full force and effect and shall not be deemed altered or affected in any way by this Settlement Agreement.

18

10.    SUBSTANTIVE CONSOLIDATION/CREDITORS' TRUST. The

Plan shall provide for the substantive consolidation of the Debtors' estates for purposes of Plan

distributions. The Plan shall also provide for the creation and implementation of a Creditors'

Trust for the benefit of Unsecured Creditors of the Debtors, which would be funded with the

proceeds of the Contributed Assets received under Paragraph 3A(iii) and the Avoidance Actions

and the Creditors' Trust shall pursue all claims, actions and causes of action that have been or

could be asserted by the Debtors or their estates, including Avoidance Actions, other than the

claims specifically released under this Settlement Agreement.

11.    MONITORING/ADMINISTRATION/SUPPORT. All parties to this

Settlement Agreement shall be entitled to a monthly written accounting and status report from

the Debtors or such other legal entity as may be administering the estate or the implementation of

this Settlement Agreement, which shall include an accounting of all asset dispositions,

distributions, cash and other assets in which the estate has an interest and such other information

as may be necessary or desirable in order to monitor the implementation of this Settlement

Agreement. Representatives of the Parties shall continue to be provided reasonable access to the

entity administering the estate and the implementation of this Settlement Agreement, and the

books, records and other relevant information in order to further monitor the implementation of

this Settlement Agreement. The Parties shall use their reasonable best efforts and endeavor in

good faith to implement, and conclude, as expeditiously and cost effectively as possible, the

Settlement Agreement through a Plan or otherwise. The Chapter 11 Cases shall not be dismissed

or converted to a case under Chapter 7 of the Bankruptcy Code unless and until procedures

reasonably acceptable to the Parties hereto have been adopted to carry out the provisions of this

19

Settlement Agreement, including the disposition of assets and distribution of proceeds as set forth herein and the turnover of cash and proceeds to the Agent, as provided herein, provided that the foregoing requirements are not intended to and shall not contravene the Debtor's exercise of its fiduciary duties  To the extent that the Agent is required to take any action to enforce its rights under this Settlement Agreement, the Parties to this Settlement Agreement agree not to contest the Agent's entitlement to an administrative claim for its reasonable fees and expenses, including professional fees, with respect to such enforcement.  To the extent that confirmation of a Plan is necessary to achieve the Settlement Effective Date (or to achieve the releases set forth in Paragraph 4B), then, subject to the terms and conditions of this Settlement Agreement, the Parties shall recommend to their constituencies entitled to vote on such a Plan that they vote in favor of the Plan.

12.    **BINDING EFFECT.**  From and after the Settlement Effective Date, this Settlement Agreement shall inure to the benefit of and be binding upon the Parties and their respective agents, representatives, successors and assigns, including without limitation, any chapter 7 trustee or any other representative of these estates, custodian of the assets subject to this Settlement Agreement or such other legal entity as may be responsible for carrying out all or any portion of this Settlement Agreement  Prior to the Settlement Effective Date, no signatory hereto shall assign its claim against the Debtors unless such assignee executes a written agreement consenting to the terms of this Settlement Agreement and agreeing to comply with the terms and conditions hereof.

13.    **MISCELLANEOUS.**  The terms of this Settlement Agreement are conditioned upon the completion of documentation, including pleadings, in form and substance

20

reasonably acceptable to all parties. This Settlement Agreement is not and shall not be deemed to be a solicitation for consents to a Plan. Acceptance of a Plan shall not be solicited from any creditor until such creditor has received the appropriate disclosure statement and related ballots, as approved by the Bankruptcy Court.

14.  **FIDUCIARY OBLIGATIONS.** Nothing herein shall be interpreted to conflict with or to restrict the performance of any fiduciary duty of the Debtors, the Creditors' Committee or the Trustees, except that it is acknowledged and agreed that, based upon the present facts known to the Parties as of the date of this Settlement Agreement, the terms of this Settlement Agreement are in the best interest of the Debtors' estates and of the unsecured creditors of such estates, and therefore consistent with such fiduciary duties.

15.  **REPRESENTATION, WARRANTIES AND COVENANTS.** Each of the Parties to this Settlement Agreement hereby represents and warrant as to itself as of the date hereof that:

A.  Each of the Parties has full right, power, authority, and legal capacity and is competent to enter into and perform this Settlement Agreement and each agreement, document or instrument executed hereunder.

B.  For each such Party that is a corporation, it is a corporation duly organized and validly existing under the laws of its state of incorporation.

C.  This Settlement Agreement constitutes the valid and binding obligation of such Party and is enforceable in accordance with its terms.

21

D.      Each of the Senior Lenders listed on Schedule 1 hereto is the owner of the indebtedness owed by the Debtors under the Credit Agreement in the approximate amount reflected on Schedule 1 hereto.

16.      **INDEPENDENT INVESTIGATION.** As part of the foregoing release and compromise, the Parties acknowledge that they understand and accept the risk that the facts with respect to which this Settlement Agreement is entered into may be different from the facts now known or believed by such Parties to be true. This Settlement Agreement shall remain in all respects effective and shall not be subject to termination or rescission by virtue of any such differences in fact. In entering into this Settlement Agreement, the Parties acknowledge that they have each conducted their own independent investigations, have consulted with legal counsel of their own respective choice or been afforded the opportunity to do so, and have not relied on any statement, representation, promise, inducement or agreement not expressly contained within this Settlement Agreement.

17.      **HEADINGS.** The paragraph, section and subsection headings contained herein are for reference purposes only, and shall not in any way affect the construction, meaning or interpretation of any of the terms or provisions of this Settlement Agreement. The paragraph, section and article headings herein in no way define, limit, extend or interpret the scope of this Settlement Agreement or of any particular paragraph or section or article.

18.      **PRONOUNS.** All pronouns and nouns and any variations thereof shall be deemed to refer to the masculine, feminine or neuter, singular or plural, as the identity of the parties or the context may require.

19.      **ENTIRE AGREEMENT.** This Settlement Agreement and the documents, agreements and instruments to be executed hereunder set forth the entire

22

understanding and agreement of the Parties in respect to the transactions contemplated herein and supersede all prior agreements, arrangements and understandings, written or oral, relating to the subject matter hereof.

20.    AMENDMENTS AND WAIVERS TO BE IN WRITING. No amendment, change or modification of this Settlement Agreement and no waiver of any of the terms, covenants, representations, warranties or conditions hereof, shall be effective except by a written instrument signed by the Party against whom enforcement of any amendment, change or modification is sought, or in the case of a waiver, by the Party waiving compliance. The failure of any Party at any time to require performance of any provision hereof shall in no manner affect the right at a later time to enforce the same.

21.    RIGHTS. No delay or omission on the part of any Party in exercising any right hereunder shall operate as a waiver of such right or of any other right of such Party nor shall any waiver by any Party of any such right or rights on any one occasion by deemed to operate as a waiver of the same right or rights on any future occasion. The rights, options, powers and remedies provided for the benefit of the Parties herein shall be cumulative and no one or more of them shall be exclusive of the other or others.

22.    LIMITATIONS ON USE. This Settlement Agreement is being entered into solely to compromise the disputes between the Parties and to implement the terms of the settlement set forth herein. It is not and shall not be construed as an admission of liability by any Party or as a concession by any Party regarding the merits of its respective claims against any Party. It may not be used in evidence by any Party, except to enforce its terms. It is further understood and agreed that this Settlement Agreement and the terms hereof shall not be subject to any claim of mistake of fact.

23

23.   **GOVERNING LAW.** This Settlement Agreement shall be construed and enforced in accordance with the laws of the State of New York and, to the extent applicable, the Bankruptcy Code.

24.   **CONSENT TO JURISDICTION.** Each of the Parties hereby irrevocably consent and submit to the jurisdiction of the Bankruptcy Court for the purpose of any action or proceeding arising out of or relating to this Settlement Agreement or the transactions contemplated herein.

25   **NO INTERPRETATION BASED ON DRAFTING.** This Settlement Agreement shall not be interpreted or construed against any of the Parties because that Party or a representative of that Party drafted or participated in the drafting of this Settlement Agreement or any provision hereof.

26.   **FURTHER ASSURANCES.** The Parties shall each use their best reasonable efforts and shall act in good faith to take or cause to be taken all action and do or cause to be done all things necessary, proper or advisable to obtain Bankruptcy Court approval of, and to consummate or perform, the transactions contemplated by this Settlement Agreement.

27.   **NOTICES.** All notices or other communications hereunder shall be in writing and shall be deemed to have been duly given if addressed to the parties at their addresses set forth below, or at such other addresses as they may designate by notice given as aforesaid by hand delivery or overnight express mail or courier or facsimile transmission. Notices shall be deemed given when sent in accordance with the foregoing:

If to the Debtors:

Shearman & Sterling
599 Lexington Avenue
New York, New York 10022-6069

24

Attention: Constance A. Fratianni, Esq
and Scott C. Shelley, Esq.
(fax no. 212-848-7179)

If to the Creditors' Committee:

Arent Fox Kintner Plotkin & Kahn, PLLC
1675 Broadway
25th Floor
New York, New York 10019
Attention: Andrew I. Silfen, Esq.
(fax no. 212-484-3990)

If to Wachovia:

Riker, Danzig, Scherer, Hyland & Perretti, LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
Attention: Warren Martin
(fax no. 973-538-1984)

If to U.S. Bank:

Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199
Attention: Judy A. Groves
(fax no. 617-227-4420)

If to the Agent:

Sidley Austin Brown & Wood
10 So. Dearborn
Chicago, IL 60603
Attention: Janet E. Henderson
(fax no. 312-853-7036)

28.    TIME IS OF THE ESSENCE. Time is of the essence with respect to the

performance of this Settlement Agreement, and all of the terms, covenants and conditions

thereof.

25

29.    COUNTERPARTS/TELECOPIER.  This Settlement Agreement may be executed in any number of counterparts and by any combination of parties hereto in separate counterparts, each of which counterparts shall be an original and all of which taken together shall constitute one and the same Settlement Agreement.  Delivery of an executed counterpart of a signature page of this Settlement Agreement by telecopier shall be effective as delivery of a manually executed counterpart hereof.

30.    NO THIRD PARTY BENEFICIARIES.  The provisions of this Agreement shall not confer or be deemed to confer upon any person or entity not a Party hereto (other than those persons specifically released pursuant to Paragraph 4 hereof) any of the benefits (including releases and waivers) or legal or equitable rights, remedies or claims under this Settlement Agreement.

31.    NOTEHOLDER RATIFICATION.  This agreement shall be deemed ratified by the holders of the 12% Senior Subordinated Notes and 14% Senior Discount Notes only upon confirmation of a Plan providing for such ratification.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be signed as of the day and year first set forth above.

[REMAINDER INTENTIONALLY LEFT BLANK]

26

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement

Agreement to be signed as of the day and year first set forth above.

INSILCO TECHNOLOGIES, INC.

By: _____

Name: Carol G. Stebbins _____

Title: President _____

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF INSILCO
TECHNOLOGIES, INC. ET AL.

By: _____

Name: _____

Title: _____

BANK ONE, NA, AS LENDER AND AS AGENT
FOR THE SENIOR LENDERS LISTED ON
SCHEDULE I HERETO

By: _____

Name: _____

Title: _____

WACHOVIA BANK, NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE
FOR THE 12% SENIOR SUBORDINATED
NOTES

By: _____

Name: _____

Title: _____

U.S. BANK, AS TRUSTEE FOR THE 14%
SENIOR DISCOUNT NOTES

05/14/2003 13:22 FAX  212 484 3990        ARENT FOX                              ☎003.

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF INSILCO
TECHNOLOGIES, INC. ET AL.

26

By: _Andrew I. Siffen (Chum)_
Name: Andrew I. Siffen
Title: Member

BANK ONE, NA, AS LENDER AND AS
AGENT FOR THE SENIOR LENDERS
LISTED ON SCHEDULE I HERETO

By:_____
Name:_____
Title:_____

WACHOVIA BANK, NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE
FOR THE 12% SENIOR SUBORDINATED
NOTES

By:_____
Name:_____
Title:_____

U.S. BANK, AS TRUSTEE FOR THE 14%
SENIOR DISCOUNT NOTES

By:_____
Name:_____
Title:_____

| CHARTER VIEW PORTFOLIO | AERIES FINANCE-II LTD. |
|---|---|
| By: | By: |
| Name: | Name: |
| Title: | Title: |
| AVALON CAPITAL LTD. 2 | CERES II FINANCE LTD. |
| By: | By: |
| Name: | Name: |
| Title: | Title: |

26

By:_____
Name:_____
Title:_____

BANK ONE, NA, AS LENDER AND AS
AGENT FOR THE SENIOR LENDERS
LISTED ON SCHEDULE I HERETO

By:_____
Name:____KEVIN CHRISTENSEN_____
Title:____1 ST VP_____

WACHOVIA BANK, NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE
FOR THE 12% SENIOR SUBORDINATED
NOTES

By:_____
Name:_____
Title:_____

U.S. BANK, AS TRUSTEE FOR THE 14%
SENIOR DISCOUNT NOTES

By:_____
Name:_____
Title:_____

CHARTER VIEW PORTFOLIO            AERIES FINANCE-II LTD.

By:_____        By:_____
Name:                              Name:
Title:                             Title:

AVALON CAPITAL LTD. 2              CERES II FINANCE LTD.

By:_____        By:_____
Name:                              Name:
Title:                             Title:

26

By:_____
Name:_____
Title:_____

BANK ONE, NA, AS LENDER AND AS
AGENT FOR THE SENIOR LENDERS
LISTED ON SCHEDULE I HERETO

By:_____
Name:_____
Title:_____

WACHOVIA BANK, NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE
FOR THE 12% SENIOR SUBORDINATED
NOTES

By: _Robert L. Bird_
Name: _Robert L. Bird_
Title: _Vice President_

U.S. BANK, AS TRUSTEE FOR THE 14%
SENIOR DISCOUNT NOTES

By:_____
Name:_____
Title:_____

CHARTER VIEW PORTFOLIO              AERIES FINANCE-II LTD.

By:_____                 By:_____
Name:_____                 Name:_____
Title:_____                 Title:_____

AVALON CAPITAL LTD. 2              CERES II FINANCE LTD.

By:_____                 By:_____
Name:_____                 Name:_____
Title:_____                 Title:_____

26

By:_____
Name:_____
Title:_____

BANK ONE, NA, AS LENDER AND AS
AGENT FOR THE SENIOR LENDERS
LISTED ON SCHEDULE I HERETO

By:_____
Name:_____
Title:_____

WACHOVIA BANK, NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE
FOR THE 12% SENIOR SUBORDINATED
NOTES

By:_____
Name:_____
Title:_____

U.S. BANK, AS TRUSTEE FOR THE 14%
SENIOR DISCOUNT NOTES

By: _____
Name: Patricia J. Kapsch
Title: Assistant Vice President


CHARTER VIEW PORTFOLIO          AERIES FINANCE-II LTD.


By: _____        By: _____
Name:                              Name:
Title:                             Title:

AVALON CAPITAL LTD. 2           CERES II FINANCE LTD.


By: _____        By: _____
Name:                              Name:
Title:                             Title:

TOTAL P.02

A - 315

26

By:_____
Name:_____
Title:_____

BANK ONE, NA, AS LENDER AND AS
AGENT FOR THE SENIOR LENDERS
LISTED ON SCHEDULE I HERETO

By:_____
Name:_____
Title:_____

WACHOVIA BANK, NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE
FOR THE 12% SENIOR SUBORDINATED
NOTES

By:_____
Name:_____
Title:_____

U.S. BANK, AS TRUSTEE FOR THE 14%
SENIOR DISCOUNT NOTES

By:_____
Name:_____
Title:_____

CHARTER VIEW PORTFOLIO
By: INVESCO Senior Secured Management, Inc.
As Investment Advisor

By:
Name:
Title:          Gregory Stoeckle
                Authorized Signatory

AVALON CAPITAL LTD. 2
By: INVESCO Senior Secured Management, Inc.
As Portfolio Advisor

By:
Name:
Title:          Gregory Stoeckle
                Authorized Signatory

AERIES FINANCE-II LTD
By: INVESCO Senior Secured Management, Inc.
As Sub-Managing Agent

By:
Name:
Title:          Gregory Stoeckle
                Authorized Signatory

CERES II FINANCE LTD.
By: INVESCO Senior Secured Management, Inc.
As Sub-Managing Agent (Financial)

By:
Name:
Title:          Gregory Stoeckle
                Authorized Signatory

A - 316

27

OASIS COLLATERALIZED HIGH INCOME PORTFOLIOS-1.    NEMEAN CLO, LTD.
LTD.
By: INVESCO Senior Secured Management. Inc. As Subadvisor

By: _____        By: _____
Name:    Gregory Stoeckle                   Name: _____
Title:   Authorized Signatory               Title: _____

ENDURANCE CLO I, LTD.                       ARCHIMEDES FUNDING II, LTD.

By: _____        By: _____
Name: _____      Name: _____
Title: _____     Title: _____

ARCHIMEDES FUNDING IV (CAYMAN),    SEQUILS-ING I (EBDGM), LTD.
LTD.

By: _____        By: _____
Name: _____      Name: _____
Title: _____     Title: _____

KZH ING-3 LLC                               KZH ING-2 LLC

By: _____        By: _____
Name: _____      Name: _____
Title: _____     Title: _____
NORTHWOODS CAPITAL II, LIMITED              NORTHWOODS CAPITAL III, LIMITED

By: _____        By: _____
Name: _____      Name: _____
Title: _____     Title: _____

NORTHWOODS CAPITAL, LIMITED                 AG CAPITAL FUNDING PARTNERS, L.P.

By: _____        By: _____
Name: _____      Name: _____
Title: _____     Title: _____

05/08/2003 08:42 FAX 213 621 3797     ING     ⌀002/003

ASSET REALLOCATION & SETTLEMENT AGREEMENT
FOR INSILCO TECHNOLOGIES
5/8/03

ENDURANCE CLO I, LTD.

c/o:  ING Capital Advisors LLC,
       as Collateral Manager

BY: _____
Name:          GORDON COOK
Title:     SENIOR VICE PRESIDENT
           & PORTFOLIO MANAGER


ARCHIMEDES FUNDING II, LTD.

BY:  ING Capital Advisors LLC,
      as Collateral Manager

BY: _____
Name:          GORDON COOK
Title:     SENIOR VICE PRESIDENT
           & PORTFOLIO MANAGER

ARCHIMEDES FUNDING IV (CAYMAN), LTD.

BY:  ING Capital Advisors LLC,
      as Collateral Manager

BY: _____
Name:          GORDON COOK
Title:     SENIOR VICE PRESIDENT
           & PORTFOLIO MANAGER


NEMEAN CLO, LTD.

BY:  ING Capital Advisors LLC,
      as Investment Manager

BY: _____
Name:          GORDON COOK
Title:     SENIOR VICE PRESIDENT
           & PORTFOLIO MANAGER

A - 318

05/09/2003 09:42 FAX 213 621 3797    ING    ☒003/003

ASSET REALLOCATION & SETTLEMENT AGREEMENT
FOR INSULCO TECHNOLOGIES
5/8/03

SEQUILS-ING I (HBDGM), LTD.

BY:  ING Capital Advisors LLC,
     as Collateral Manager

BY:  _____

Name:
Title:      GORDON COOK
            SENIOR VICE PRESIDENT
            & PORTFOLIO MANAGER

MAY-09-2003  17:26                                        P.03

27

OASIS COLLATERALIZED HIGH
INCOME PORTFOLIO-1, LTD.              NEMEAN CLO, LTD.

By:                                   By:
Name:                                 Name:
Title:                                Title:

ENDURANCE CLO I, LTD.                 ARCHIMEDES FUNDING II, LTD.

By:                                   By:
Name:                                 Name:
Title:                                Title:

ARCHIMEDES FUNDING IV (CAYMAN),       SEQUILS-ING I (HBDGM), LTD.
LTD.

By:                                   By:
Name:                                 Name:
Title:                                Title:

KZH ING-1 LLC                         KZH ING-2 LLC

By:                                   By:
Name:  DORIAN HERRERA                  Name:
Title:  AUTHORIZED AGENT               Title:
NORTHWOODS CAPITAL II, LIMITED        NORTHWOODS CAPITAL III, LIMITED

By:                                   By:
Name:                                 Name:
Title:                                Title:

NORTHWOODS CAPITAL, LIMITED           AG CAPITAL FUNDING PARTNERS, L.P.

By:                                   By:
Name:                                 Name:
Title:                                Title:

TOTAL  P.03

A - 320

27

OASIS COLLATERALIZED HIGH
INCOME PORTFOLIO-1, LTD.

By:
Name:
Title:

ENDURANCE CLO J, LTD.

By:
Name:
Title:

ARCHIMEDES FUNDING IV (CAYMAN),
LTD.

By:
Name:
Title:

KZH ING-3 LLC

By:
Name:
Title:

NORTHWOODS CAPITAL II, LIMITED

By:
Name:
Title:

NORTHWOODS CAPITAL, LIMITED

By:
Name:
Title:

NEMEAN CLO, LTD.

By:
Name:
Title:

ARCHIMEDES FUNDING II, LTD.

By:
Name:
Title:

SEQUILS-ING I (HBDGM), LTD.

By:
Name:
Title:

KZH ING-2 LLC

By:
Name: DORIAN HERRERA
Title: AUTHORIZED AGENT

NORTHWOODS CAPITAL III, LIMITED

By:
Name:
Title:

AG CAPITAL FUNDING PARTNERS, L.P.

By:
Name:
Title:

MAY. 9.2003  11:48AM    ANGELO, GORDON & CO.                    NO.463    P.1/2

27

OASIS COLLATERALIZED HIGH          NEMEAN CLO, LTD.
INCOME PORTFOLIO-1, LTD.

By:                                By:
Name:                              Name:
Title:                             Title:

ENDURANCE CLO I, LTD.              ARCHIMEDES FUNDING II, LTD.

By:                                By:
Name:                              Name:
Title:                             Title:

ARCHIMEDES FUNDING IV (CAYMAN),    SEQUILS-ING I (HBDGM), LTD.
LTD.

By:                                By:
Name:                              Name:
Title:                             Title:

KZH ING-3 LLC                      KZH ING-2 LLC

By:                                By:
Name:                              Name:
Title:                             Title:
NORTHWOODS CAPITAL II, LIMITED     NORTHWOODS CAPITAL III, LIMITED

By:                                By:
Name:                              Name:
Title:      JOHN W. FRASER         Title:      JOHN W. FRASER
            MANAGING DIRECTOR                  MANAGING DIRECTOR

NORTHWOODS CAPITAL, LIMITED        AG CAPITAL FUNDING PARTNERS, L.P.

By:                                By:
Name:                              Name:
Title:      JOHN W. FRASER         Title:      JOHN W. FRASER
            MANAGING DIRECTOR                  MANAGING DIRECTOR

26

| SILVER OAK CAPITAL, L.L.C. | ING PRIME RATE TRUST |
|---|---|
| By:<br>Name:<br>Title: | By:<br>Name:<br>Title: |
| BLACK DIAMOND CLO 2000-1 LTD. | ARES LEVERAGED INVESTMENT FUND II, L.P. |
| By:<br>Name:<br>Title: | By:<br>Name:<br>Title: |
| ARES IV CLO LTD. | SUFFIELD CLO, LIMITED |
| By:<br>Name:<br>Title: | By:<br>Name:<br>Title: |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | MORGAN STANLEY DEAN WITTER PRIME INCOME TRUST |
| By:<br>Name:<br>Title: | By:<br>Name:<br>Title: |
| GSC RECOVERY II, L.P. | GSC RECOVERY IIA, L.P. |
| By:<br>Name:<br>Title: | By:<br>Name:<br>Title: |
| THIRD AVENUE TRUST | ORIX FINANCE CORP. I |
| By:<br>Name:<br>Title: | By:<br>Name:<br>Title: |

28

SILVER OAK CAPITAL, L.L.C.                    ING PRIME RATE TRUST

By: _____            By: _____
Name:                                              Name:
Title:                                              Title:     Ralph E. Bucher
                                                                 Vice President

BLACK DIAMOND CLO 2000-1 LTD.          ARES LEVERAGED INVESTMENT FUND II, L.P.

By: _____            By: _____
Name:                                              Name:
Title:                                              Title:

ARES IV CLO LTD.                              SUFFIELD CLO, LIMITED

By: _____            By: _____
Name:                                              Name:
Title:                                              Title:

MASSACHUSETTS MUTUAL LIFE              MORGAN STANLEY DEAN WITTER PRIME
INSURANCE COMPANY                          INCOME TRUST

By: _____            By: _____
Name:                                              Name:
Title:                                              Title:

GSC RECOVERY II, L.P.                       GSC RECOVERY IIA, L.P.

By: _____            By: _____
Name:                                              Name:
Title:                                              Title:

THIRD AVENUE TRUST                         ORIX FINANCE CORP. I

By: _____            By: _____
Name:                                              Name:
Title:                                              Title:

28

SILVER OAK CAPITAL, L.L.C.

By:
Name:
Title:

BLACK DIAMOND CLO 2000-1 LTD.

By:
Name:   Alan Corkish
Title:   Director

ARES IV CLO LTD.

By:
Name:
Title:

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

By:
Name:
Title:

GSC RECOVERY II, L.P.

By:
Name:
Title:

THIRD AVENUE TRUST

By:
Name:
Title:

ING PRIME RATE TRUST

By:
Name:
Title:

ARES LEVERAGED INVESTMENT FUND II,
L.P.

By:
Name:
Title:

SUFFIELD CLO, LIMITED

By:
Name:
Title:

MORGAN STANLEY DEAN WITTER PRIME
INCOME TRUST

By:
Name:
Title:

GSC RECOVERY IIA, L.P.

By:
Name:
Title:

ORIX FINANCE CORP. I

By:
Name:
Title:

A - 325