## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| INSILCO TECHNOLOGIES, INC., *et al.*, | ) | Case No. 02-13672 (KJC) |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |
| CHAD SHANDLER, as Trustee to the Insilco | ) | Case No. 04-1567 (GMS) |
| Liquidating Trust, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TERM C LENDERS, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

### REPLY BRIEF OF APPELLANT

DUANE MORRIS LLP
Michael R. Lastowski (DE I.D. 3892)
Richard W. Riley (DE I.D. 4052)
Christopher M. Winter (DE I.D. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone:    (302) 657-4900
Facsimile:    (302) 657-4901

-and-

ARENT FOX PLLC
Andrew I. Silfen
Michael S. Cryan
Heike M. Vogel
1675 Broadway
New York, New York 10019
Telephone:    (212) 484-3900
Facsimile:    (212) 484-3990

*Attorneys for Chad Shandler,*
*Trustee of the Insilco Liquidating Trust*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................ 2

STANDARD OF REVIEW ................................................................ 5

ARGUMENT ................................................................ 5

I.    THE LIMITED RELEASE LANGUAGE OF PARAGRAPH 4C
      DOES NOT RELEASE THE TERM-C LENDERS FROM THE
      CLAIMS ASSERTED IN THE OBJECTION ............................... 5

II.   THE PROVISIONS OF THE AMENDED PLAN REGARDING
      THE CLAIMS AGAINST THE TERM-C LENDERS DO NOT
      CONFLICT WITH THE LIMITED RELEASE PROVIDED TO
      THE TERM-C LENDERS UNDER THE SETTLEMENT
      AGREEMENT ................................................................ 6

III.  THE FILING OF THE OBJECTION COULD NOT HAVE
      VIOLATED THE SETTLEMENT ORDER OR THE
      CONFIRMATION ORDER BECAUSE (i) THE OBJECTION
      WAS TIMELY FILED PRIOR TO CONFIRMATION AND (ii)
      THE SETTLEMENT ORDER, LIKE THE SETTLEMENT
      AGREEMENT, RECOGNIZES THE LIMITED RELEASE GIVEN
      TO THE TERM-C LENDERS ............................................. 7

CONCLUSION ................................................................ 9

## **PRELIMINARY STATEMENT**

The Creditor Trustee submits this reply (the "Appellant Reply") to the Brief for Appellees the Term C Lenders (the "Appellees Response"), which the Term-C Lenders filed in response to the Appellant's Brief (the "Opening Brief").[1]

After everything has been said and done, the Appellees Response still leaves open the two most important questions in this appeal: (1) Why does the Settlement Agreement contain a *broad* release provision in Paragraph 4A for the Senior Lenders and a *limited* release provision in Paragraph 4C for the Term-C Lenders thereby clearly treating the Term-C Lenders, insiders of the Debtors, differently from the Senior Lenders? and (2) Why did sections 4.8(b) and 14.9(a) of the Amended Plan explicitly allow the Debtors, the Committee or the Indenture Trustees to bring the claims asserted in the Objection against the Term-C Lenders?[2]

If this Court were to accept the Term-C Lenders' assertion that the provisions of the Settlement Agreement "clearly" and "unambiguously" release the Term-C Lenders from the claims asserted in the Objection, then these two imperative questions could simply never be answered. Here, it is important to remember that the Term-C Lenders were neither signatories to nor negotiators of the Settlement Agreement and therefore are not in a position to provide any meaningful answers to the intent of the actual parties to the Settlement Agreement.[3] At best, when considering every argument espoused by the Term-C Lenders in the Appellees Response, all that remains is an ambiguity.

---

[1] Pursuant to section 7 3 of the Amended Plan and paragraph 33 of the Confirmation Order, all claims and objections to claims were assigned to the Unsecured Creditor Trustee, and the Unsecured Creditor Trustee (herein referred to as "Creditor Trustee") is now the proper party and has standing to prosecute this appeal.

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Opening Brief and Appellees Response

[3] The parties to the Settlement Agreement were the Debtor, the Committee, Indenture Trustees and the Senior Lenders.

Indeed, the only recourse left to the Term-C Lenders in trying to convince this Court that the Settlement Agreement allegedly released them, just like the Senior Lenders, from all possible claims is to simply ignore the limited language in Paragraph 4C that is applicable to the Term-C Lenders and instead cite to the language in release Paragraph 4A that only applies to the Senior Lenders. *See* Appellees Response at 3. Ironically, on the very same page of the Appellees Response on which the Term-C Lenders accuse the Creditor Trustee of ignoring language of the release provisions, the Term-C Lenders do precisely that – they cite only the release language "fully waive[d], release[d] and forever discharge[d]" from Paragraph 4A, then misleadingly insert *Term C Lenders* instead of *Senior Lenders,* continue to quote "from any and all manner of actions, causes of action, in law or in equity, suits, debts .... which the Releasing Parties have had, now have, or may hereafter have against the" and again incorrectly insert *Term C Lenders* for matters "in respect of the Term C Loans." *See* Appellees Response at 10. By rewriting Paragraph 4A in this fashion and ignoring Paragraph 4C, the Term-C Lenders effectively confirm the Creditor Trustee's argument – namely, had the parties to the Settlement Agreement intended to provide the Term-C Lenders with the same broad release as given to the Senior Lenders in Paragraph 4A, then Paragraph 4C should not have been drafted and instead the Term-C Lenders along with the Senior Lenders should have been incorporated in Paragraph 4A.

Moreover, contrary to the Term-C Lender's allegation that the Settlement Order somehow acknowledged that the Term-C Lenders were also broadly released, in actuality, the Settlement Order further explains why the Senior Lenders were treated differently from the Term-C Lenders. According to the Settlement Order, unlike the Term-C Lenders, the Senior Lenders in consideration of the treatment accorded them under the Settlement Agreement, agreed to, among other concessions, waive and relinquish any right or entitlement to recovery or

distributions on their allowed unsecured deficiency claims. *See* Settlement Order at 3, ¶ 6 (A-3).[4]
By agreeing to such a forthcoming compromise, is it any wonder that the Settlement Agreement
provided only the Senior Lenders, and not the Term-C Lenders, with a broad and absolute
release?

The Term-C Lenders do not even attempt to address the Creditor Trustee's legal
argument that under well-established principles of contract construction a contract should not be
given an interpretation which renders a term or terms superfluous. The Order of the Bankruptcy
Court dismissing the Objection rendered the limited release language in the Settlement
Agreement as well as the two sections of the Amended Plan meaningless. Could it be that the
Bankruptcy Court erred in finding that the release provisions were unambiguous and absolutely
released the Term-C Lenders? Judge Carey himself seemed to have answered this question on
the record during the hearing on January 20, 2005 when he stated the following in connection
with this particular decision:

> "You know, when you – when the Court has to decide whether a document
> contains a legal ambiguity sometimes the document can be unclear yet not
> legally ambiguous so that – and I think this was one of those circumstances
> in which I had to devote some thought to looking at the different provisions
> and understanding that it was a negotiated document, and as negotiated
> document sometimes go, they're not necessarily models of clarity, and
> that's not a criticism of counsel who were involved, but it's a function of
> competing interests all wanting to say things their particular way. And I
> think that was this kind of document, but at bottom after I sat and after
> argument had sifted through all the provisions that the parties had
> highlighted for the Court it appeared to me that it said what the Term C
> Lenders said it said, but I could understand why there might have been
> some question about it, particularly when the Term C Lenders are alleged
> to be, and probably admitted to be for the most part, insiders, and given,
> you know, what the history of at least the business of this Debtor was.
> Now, throughout the course of this proceeding very little of the conduct
> that was alleged in the omnibus objection was the subject of my order, was
> a part of the proceedings. The proceedings were really geared mainly to
> the liquidation of the Debtor's assets. So I didn't get a feel for much of

---

[4] All citations to the Appendix to Appellant's Opening Brief are to "A-__."

> what went on outside of the Courtroom and before the bankruptcy. I can
> certainly understand why the objection was brought, and I don't think it
> was meritless. I ultimately agreed that it shouldn't be sustained, but I don't
> think it was meritless.

Transcript of Hearing on January 20, 2005 at 14-15 (Bankruptcy Court D.I. 1838).

Even Judge Carey's statement indicates that only one fact is for certain in this matter: the relevant provisions of the Settlement Agreement are not as clear and unambiguous as the Term C Lenders purport them to be. Thus, based on the foregoing and the other arguments set forth in the Creditor Trustee's Opening Brief, this Court should overrule the Order of the Bankruptcy Court, or, alternatively, should remand the Order instructing the Bankruptcy Court to conduct an evidentiary hearing with regard to resolving the ambiguities and the true intent of the parties.

## STANDARD OF REVIEW

A District Court reviews a Bankruptcy Court's "legal determinations *de novo,* its factual findings for clear error and its exercise of discretion for abuse thereof." *In re Gen. Datacomm Indus., Inc.,* 407 F.3d 616, 619 (3d Cir. 2005) (internal quotation marks omitted). Here, the Bankruptcy Court's Order reflects a legal determination and, as such, this Court's review is *de novo.*

## ARGUMENT

### I.    THE LIMITED RELEASE LANGUAGE OF PARAGRAPH 4C DOES NOT RELEASE THE TERM-C LENDERS FROM THE CLAIMS ASSERTED IN THE OBJECTION

Although the Term-C Lenders insist that the Settlement Agreement fully and absolutely released them from any and all claims, the only way they can possibly justify this overreaching assertion is by misquoting Paragraph 4A and simply ignoring Paragraph 4C. For example, the Term-C Lenders boldly and misleadingly purport that "...the Debtors and the Committee, on behalf of themselves and their successors, **'fully waive[d], release[d] and forever discharge[d]'** the Term C Lenders ..." *See* Appellees Response at 10 (emphasis in original).

Incredibly, when quoting this language, the Term-C Lenders purport to cite from *both* Paragraphs 4A and 4C. This is simply wrong. The language quoted by the Term-C Lenders is *only* contained in Paragraph 4A and *only* applies to the Senior Lenders.

To be certain, Paragraph 4A actually states as follows: "The Debtors and the Creditors' Committee, on behalf of themselves and the estates of the Debtors, and each of their respective predecessors, successors and assigns (the "Releasing Estate Parties"), hereby fully waive, release and forever discharge **the Agent and each of the Senior Lenders** ..." (Settlement Agreement ¶ 4A, A-17) (emphasis added). Paragraph 4A does not mention the Term-C Lenders.

Rather, Paragraph 4C entitled, <u>Limitation on Release of Term-C Lenders</u>, describes the *limited* release provided to the Term-C Lenders, and this limited provision does not release the Term-C Lenders from the claims asserted in the Objection. Even the title of Paragraph 4C indicates that the Term-C Lenders merely received a *limited* release. Needless to say, the Term-C Lenders neglect to address the restrictive language in Paragraph 4C and instead focus on the broad release given to the Senior Lenders under Paragraph 4A – perhaps in the hope that no one would notice, the way they seem to hope that no one would remember that the Term-C Lenders were insiders of the Debtors and not some innocent bystanders as they like to portray themselves.

II. **THE PROVISIONS OF THE AMENDED PLAN REGARDING THE CLAIMS AGAINST THE TERM-C LENDERS DO NOT CONFLICT WITH THE LIMITED RELEASE PROVIDED TO THE TERM-C LENDERS <u>UNDER THE SETTLEMENT AGREEMENT</u>**

The Term-C Lenders erroneously assert that the Creditor Trustee somehow argued that section 4.8(b) of the Amended Plan, which permitted the Committee to bring the Objection, limits the releases provided in the Settlement Agreement. *See* Appellees Response at 12. In actuality, what the Creditor Trustee correctly explains is that Paragraph 4C of the Settlement Agreement limits the release provided to the Term-C Lenders which is consistent not only with section 4.8(b) but also with section 14.9(a) of the Amended Plan. Interestingly, the Term-C

Lenders once again make no mention of section 14.9(a) which states as follows: "**Pursuant to Paragraph 4C of the Asset Reallocation and Settlement Agreement, the release, waiver and discharge of the Term-C Lenders is expressly limited and qualified as set forth therein**." Amended Plan at 34, § 14.9(a) (A-108) (emphasis added).

Section 14.9(a) in turn perfectly compliments section 4.8(b) which makes clear in pertinent part that "**unless** the Debtors or the Creditors' Committee have commenced an adversary proceeding or contested matter prior to the Confirmation Date **seeking to subordinate or reclassify the Allowed** Claims in Claims 7 (the Term-C Claims are classified under Class 7), each Holder of an Allowed Class 7 Claim shall receive Cash derived from Excluded Assets..." Amended Plan at 17, § 4.8(b) (A-91). The Committee did just that – commenced a contested matter, the Objection, prior to the Confirmation Date seeking to subordinate or reclassify the Term-C Claims. Given the clear language of these Amended Plan sections and the fact that they echo the limited release provided to the Term-C Lenders in the Settlement Agreement, it is disingenuous of the Term-C Lenders to now claim that the Plan and Disclosure Statement did not put them "on notice that any Plan provision was intended to limit the terms of the court-ordered releases." *See* Appellees Response at 13. The Plan created a process and mechanics by which to implement the Settlement Agreement. Clearly, what the Term-C Lenders are attempting to do is to improperly obtain the same favorable treatment as the Senior Lenders received, and such treatment for the Term-C Lenders is inconsistent with the Settlement Agreement and in contravention of the Plan.

III.    **THE FILING OF THE OBJECTION COULD NOT HAVE VIOLATED THE SETTLEMENT ORDER OR THE CONFIRMATION ORDER BECAUSE (i) THE OBJECTION WAS TIMELY FILED PRIOR TO CONFIRMATION AND (ii) THE SETTLEMENT ORDER, LIKE THE SETTLEMENT AGREEMENT, RECOGNIZES THE LIMITED RELEASE <u>GIVEN TO THE TERM-C LENDERS</u>**

Once again, the Term-C Lenders completely misrepresent the actual meaning of a document – this time, the Settlement Order. The Term-C Lenders erroneously state that "[t]he Settlement Order directed that the Term-C Claims shall not 'be subject to any further challenge.'" This is simply not what the Settlement Order directs. Rather, Paragraph 5 of the Settlement Order applies only to the Senior Lenders and states in pertinent part that "[t]he liens and security interests of the Senior Lenders (**other than the Term Loan C Lenders**, which are, under the terms of the Credit Agreement, unsecured) are deemed valid, perfected, first priority and indefeasible and neither such liens nor such claims shall be subject to any further challenge..." *See* Settlement Order at 3, ¶ 5 (A-3). Indeed, footnote 3 of the Settlement Order further highlights that the Term-C Lenders are being treated separate and apart from the Senior Lenders by stating: "In accordance with the Settlement Agreement, the term 'Senior Lenders' as used herein **does not include** those lenders participating in Term Loan C, except of Paragraph 1 of the Settlement Agreement and the corresponding Paragraph 5 of this Order only, wherein the term 'Senior Lenders' shall include those lenders participating in Term Loan C." *See* Settlement Order at 2, n 3 (A-2). Nothing in this language or any other language of the Settlement Order implies that the *Term-C Claims* shall not be subject to further challenge.

Moreover, the Settlement Order explains in Paragraph 6 the reasons for the different and more favorable treatment of the Senior Lenders (not the Term-C Lenders). Paragraph 6 lists the concessions, such as relinquishment of certain entitlements to recovery that the Senior Lenders provided to the Debtors in consideration of the treatment accorded to them under the Settlement Agreement. *See* Settlement Order at 3, ¶ 6 (A-3). The Term-C Lenders did not give any

consideration to the Debtor, which further explains the limited release and less favorable treatment they received under the Settlement. Thus, there is nothing in the Settlement Order that precluded the Committee from filing the Objection it was authorized to file pursuant to the Amended Plan and in further accordance with the Settlement Agreement.

Lastly, filing the Objection was *not* in violation of the Confirmation Order because it was timely filed *prior* to confirmation and with the explicit permission provided by the Amended Plan. Indeed, the Confirmation Order specifically confers this authority from the Committee to the Creditor Trustee by stating that "[o]n and after the Effective Date, the Unsecured Creditors' Trustee shall be authorized and empowered to pursue and prosecute, maintain, settle or to decline to pursue the Rights of Action, including all pending adversary proceedings and contested matters, whether or not such causes of action have been commenced prior to the Effective Date." *See* Confirmation Order at 17, ¶ 33 (A-223). As discussed above, the limited release provision of the Settlement Agreement and Settlement Order does not conflict with the terms of the Amended Plan and indeed compliment each other by allowing the Term-C Claims under Paragraph 1 of the Settlement Agreement so that a subordination action can be commenced against the Holders of such Allowed Claims in accordance with section 4.8(b) of the Amended Plan.

## CONCLUSION

For the foregoing reasons, the Order of the Bankruptcy Court dismissing the Objection of the Committee and granting the Motion to Dismiss of the Term-C Lenders should be reversed

or, alternatively, the Order should be remanded instructing the Bankruptcy Court to conduct an

evidentiary hearing with regard to resolving the ambiguities and the true intent of the parties.

Dated: August 9, 2005
       Wilmington, Delaware

                                Michael R. Lastowski (DE I.D. 3892)
                                Richard W. Riley (DE I.D. 4052)
                                Christopher M. Winter (DE I.D. 4163)
                                DUANE MORRIS LLP
                                1100 North Market Street, Suite 1200
                                Wilmington, DE 19801-1246
                                Telephone:   (302) 657-4900
                                Facsimile:   (302) 657-4901
                                E-mail:       mlastowski@duanemorris.com
                                                  rwriley@duanemorris.com
                                              cmwinter@duanemorris.com

                                          -and-

                                Andrew I. Silfen
                                Michael S. Cryan
                                Heike M. Vogel
                                ARENT FOX PLLC
                                1675 Broadway
                                New York, New York 10019
                                Telephone:   (212) 484-3900
                                Facsimile:   (212) 484-3990
                                              silfen.andrew@arentfox.com

                              *Attorneys for Chad Shandler, Trustee of the Insilco*
                              *Liquidating Trust*